IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY CHARLES KNAPP                                              PLAINTIFF

v.                    Civil No. 4:23-cv-04118-SOH-BAB

ARKANSAS DEPARTMENT OF CORRECTIONS; and
BARBARA OQUINN                                                     DEFENDANTS

**REPORT AND RECOMMENDATION**

Plaintiff, Anthony Charles Knapp, currently an inmate of the Department of Community Corrections-Southwest Arkansas Community Correction Center in Texarkana, Arkansas (hereinafter "SWACCC"), filed this action pursuant to 42 U.S.C. § 1983.   Plaintiff proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).   Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.   BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on December 19, 2023.   (ECF Nos. 1, 2).   The Court granted Plaintiff's IFP Motion on the same date.   (ECF No. 3).   The Court also ordered Plaintiff to file an Amended

1

Complaint.  *Id.*   Plaintiff filed his Amended Complaint on January 30, 2024.   (ECF No. 8).

In his Amended Complaint, Plaintiff alleges one conditions of confinement claim against two Defendants: the "Arkansas Department of Corrections," and Barbara Oquinn, Kitchen Supervisor at SWACCC.   (ECF No. 8, p. 4).   Specifically, Plaintiff claims:

> On [December 8, 2023] while I was working in the Facility Kitchen at S.W.A.C.C.C. Unit around 7:30 AM I was cooking on the kitchen grill[.]   in front of the grill is a Floor drain approx. 18 inches by 18 inches in size.   While cooking and standing in front of the grill the floor drain grate cover flipped open to where I fell through the grate and while Falling I grabbed the grill to prevent my Fall but while Falling I was burned on my right Forearm. I notified the staff on Duty and they did nothing.   Afterwards I went to medical staff myself for treatment.   After 10 days I was ordered to return to work and cook on the same grill where the drain was still not fixed.   Several other residents where burned before me and after me.   Staff knew this was unsafe and did nothing to prevent it.   I have since been targeted by staff.   Grievance was forged by staff with no judicial punishment for Forgery.

(ECF No. 8, pp. 4-5) (errors in original).

For his official capacity allegations, Plaintiff states:

> Faulty equipment in a correctional Facility. Unsafe working conditions, maltreatment of inmates/residents.

*Id.* at 5 (errors in original).

For relief, Plaintiff seeks compensatory damages for his arm injury and the pain and suffering it caused.   (ECF No. 8, p. 6).

## II.   APPLICABLE STANDARD

During the screening procedure, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be

2

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law."   *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).   Further, "[p]ublic servants may be sued under section 1983 in either their official capacity, their individual capacity, or both."   *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citation omitted).   In this case, Plaintiff alleges a conditions-of-confinement claim against the Arkansas Department of Corrections as an independent Defendant. Additionally, Plaintiff alleges the same conditions of confinement claim, in both individual and official capacity, against Defendant Oquinn.

"A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent."   *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)).   Put differently, "the real party in interest in an official-capacity suit is the governmental entity and

3

not the named official." *Baker*, 501 F.3d at 925 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Here, Defendant Oquinn is an employee of SWACCC a Unit of the Arkansas Division of Community Correction (hereinafter "ADCC").[1]   Thus, Plaintiff's official capacity claim asserted against Defendant Oquinn is essentially a claim against the ADCC.   Since the ADCC is a state agency, Plaintiff's official capacity claim is tantamount to a claim against the State of Arkansas. *See Will v. Michigan Dept't. of State Police,* 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.   As such, it is no different from a suit against the state itself.") (internal citation omitted).

"[A] suit brought solely against a state or state agency is proscribed by the Eleventh Amendment." *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989).   The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States."   U.S. Const. amend. XI.   The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004).   Eleventh Amendment jurisprudence is well-settled: "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."   *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991) (internal quotation and citation omitted).

Furthermore, "[n]either a state nor its officials acting in their official capacities are

---

1 The Arkansas Division of Community Correction is a division within the umbrella of the Arkansas Department of Corrections—an agency of the State of Arkansas.   Ark. Code Ann § 25-43-402.

'persons' under § 1983" when sued for money damages.   *Will,* 491 U.S. at 71.   Nor did Congress abrogate sovereign immunity when enacting Section 1983.   *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Plaintiff's claim against Defendant Arkansas Department of Corrections, and Defendant Oquinn in her official capacity, are therefore barred by the Eleventh Amendment.

Regarding Plaintiff's conditions of confinement claim alleged against Defendant Oquinn in her individual capacity, the Court has reviewed the facts alleged by Plaintiff and finds he stated sufficient facts to allege claims for relief that are plausible on the face of the Amended Complaint. This claim should survive for service of process.

## IV.   CONCLUSION

For these reasons, it is recommended that:

(1)  The Arkansas Department of Corrections should be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

(2)  Plaintiff's official capacity claims against Defendant Oquinn should be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1); and

(3)  Plaintiff's individual capacity claim against Defendant Oquinn should be allowed to proceed with service of process on Defendant Oquinn

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 18th day of March 2024.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6