IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY CHARLES KNAPP                                                                                  PLAINTIFF

v.                                       Civil No. 4:23-cv-04118-SOH-SGS

BARBARA O'GUIN                                                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Anthony Charles Knapp, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's failure to prosecute.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff initially filed his Complaint on December 19, 2023, along with a Motion to Proceed *in forma pauperis* ("IFP").  (ECF Nos. 1-2).  The Court granted Plaintiff IFP status on the same day.  (ECF No. 3).  Plaintiff filed an Amended Complaint on January 30, 2024.  (ECF No. 8).

This case has an extended procedural history, including a discovery hearing on May 28, 2025, because both parties initially proceed *pro se* in this matter.  However, on July 2, 2025, Sharnae Diggs entered an appearance on behalf of Defendant.  (ECF No. 36).  After this appearance, the Court granted Defendant leave to file a Motion for Summary Judgment on the limited issue of exhaustion.  (ECF No. 43).

1

Defendant filed her Motion for Summary Judgment on the limited issue of exhaustion on September 19, 2025. (ECF No. 45). On September 23, 2025, the Court entered an Order directing Plaintiff to respond to Defendant's Motion by October 14, 2025. (ECF No. 48). Plaintiff was advised in this Order that failure to respond would subject this case to dismissal without trial. *Id.* This Order was mailed to Plaintiff's address of record, and it was not returned as undeliverable mail.

On October 17, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendant's Motion for Summary Judgment. (ECF No. 49). Plaintiff's response was due on November 7, 2025, and Plaintiff was again advised failure to respond would subject this case to dismissal. *Id.* This Order to Show Cause was mailed to Plaintiff's address of record, and it was not returned as undeliverable mail.

The Court has not received any communication from Plaintiff since the discovery hearing on May 28, 2025, which Plaintiff attended in person. (ECF No. 33).

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a

case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders to respond to Defendant's Motion for Summary Judgment on the limited issue of exhaustion. However, the Court does not find dismissal with prejudice is warranted here. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

### III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Amended Complaint (ECF No. 8) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 23rd day of December 2025.**

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE